USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CARLOS ALVAREZ ORTEGA,

                       Plaintiff,

– against –

DOMIX WINE & SPIRITS, INC. d/b/a MOUNT CARMEL WINE & SPIRITS, and RAYMOND POLANCO,

                       Defendants.

**ORDER**

18 Civ. 2366 (ER)

---

Ramos, D.J.:

On March 16, 2018, Plaintiff Juan Carlos Alvarez Ortega brought the above-captioned action against Defendants Domix Wine & Spirits, Inc., d/b/a Mount Carmel Wine & Spirits, and Raymond Polanco under the Fair Labor Standards Act ("FLSA"), 9 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL"), §§ 190 & 650 for unpaid minimum and overtime wages, and failure to provide annual wage notices. Doc. 1. On May 3, 2018, the parties submitted an application for the Court to approve the parties' agreement settling Plaintiff's claims (the "Agreement") and to dismiss the case with prejudice. *See* Doc. 5, Ex. 1 ¶ 7.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). For the reasons discussed below, the parties' request for approval of the proposed settlement is denied.

"In order to evaluate the fairness of a proposed settlement, the parties must provide the

court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g., Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Agreement provides for a total settlement of $8,000, inclusive of legal fees and costs. Doc. 5, Ex. 1 ¶ 2. Of the total settlement, Plaintiff will receive $5,233.34. Doc. 29 at 2. The remaining $2,766.66 (or approximately one-third), is payable to Plaintiff's attorneys, Jacob Aronauer, for attorneys' fees. *Id.* The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. The settlement value is approximately 38% of Plaintiffs' total best case recovery, and is estimated to be significantly more than what Plaintiff would be owed if Defendants were to prevail at trial. Doc. 5 at 1. Thus, the Court finds this settlement amount to be a substantial portion of the maximum recovery possible. *See Beckert*,

2015 WL 8773460, at *2 (finding settlement equal to 25% of maximum possible recovery sufficient). Moreover, the Court finds this settlement amount to be fair and reasonable, in view of counsel's ability to settle the action at an early stage of litigation and the fact that Defendants dispute the factual allegations and legal claims advanced by Plaintiff. Doc. 5 at 2.

The Court also finds that the Agreement itself passes *Cheeks*' scrutiny, as its release provision is narrowly tailored to wage-and-hour claims and the Agreement does not contain any restrictive confidentiality or future employment clauses. *See generally* Doc. 5, Ex. 1.

However, the Court cannot approve the Agreement because counsel for Plaintiff has failed to provide any documentation that would permit the Court to determine the reasonableness of the attorneys' fees requested. For example, counsel for Plaintiff has not provided his billing records, hourly billing rate, or qualifications to support his entitlement to attorney's fees. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of Plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

Accordingly, the parties' request for approval of the proposed settlement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File on the docket on or before **July 3, 2018** documentation to support counsel for Plaintiff's attorneys' fees request;

3

2. File a joint letter on or before **July 3, 2018** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or

3. File a joint letter on or before **July 3, 2018** stipulating to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law, *see Cheeks*, 796 F.3d at 201 n.2.

Dated:   June 20, 2018
         New York, New York

                                            _____
                                            Edgardo Ramos, U.S.D.J.